United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEGRAM MESSENGER INC,<br>　　　　Plaintiff,<br>　　v.<br>LANTAH, LLC,<br>　　　　Defendant. | Case No. 18-cv-02811-CRB<br><br>**ORDER VACATING HEARING AND DENYING MOTION FOR SUMMARY JUDGMENT** |

　　　　Defendant Lantah filed a combined opposition to Plaintiff Telegram Messenger's motion for a preliminary injunction and "counter-motion for partial summary judgment." See MSJ (dkt. 20). The document depends upon one primary argument: that Telegram does not have priority in the GRAM mark because its conduct did not amount to "use in commerce" pre-dating Lantah's use of the same mark. Id.; see also Reply (dkt. 29-3) at 3 ("Lantah enjoys priority."). The Court rejected that argument in its recent order granting Telegram a preliminary injunction. See Order re MPI (dkt. 39). Specifically, the Court held that Telegram was likely to succeed on the merits of its claims because, among other things, "the purchase agreements show Telegram using the GRAM mark in commerce prior even to Lantah's trademark application, and establish Telegram's priority in the mark." Id. at 10. The Court's order did not address Lantah's summary judgment motion, id. at 5, which remained on calendar for Friday, August 24, 2018. The Court now finds Lantah's summary judgment motion suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and VACATES the August 24, 2018 hearing.

　　　　Although, as Lantah recognizes in its combined filing, there is a different legal

standard for preliminary injunctions and summary judgment, see MSJ at 4–5, that difference does not favor Lantah in the present motion.  On summary judgment, a movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it could affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute of material fact is genuine if the evidence, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party." Id. Viewing the evidence in the light most favorable to Telegram, the Court does not find that Lantah is entitled to judgment as a matter of law.  For the same reasons the Court granted Telegram's motion for preliminary injunction, the Court DENIES Lantah's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: August 10, 2018



CHARLES R. BREYER
United States District Judge