JOHN M. NEUKOM (SBN 275887)
john.neukom@skadden.com
JAMES Y. PAK (SBN 304563)
james.pak@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone:   (650) 470-4500
Facsimile:   (650) 470-4570

Attorneys for Plaintiff
TELEGRAM MESSENGER INC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TELEGRAM MESSENGER INC, | CASE NO.:  3:18-cv-2811-CRB |
| Plaintiff, | **PLAINTIFF TELEGRAM MESSENGER INC'S APPLICATION FOR ATTORNEYS' FEES** |
| v. | |
| LANTAH LLC, | |
| Defendant. | |

Date:         January 15, 2021
Time:         10:00 a.m.
Courtroom:  6, 17th Floor
Judge:        Hon. Charles R. Breyer

**SUMMARY OF ARGUMENT**

On November 2, 2020, the Court granted Defendant and Counterclaim Plaintiff Lantah LLC's ("Lantah") motion to voluntarily dismiss its counterclaims, but conditioned such dismissal on Lantah's payment of Plaintiff and Counterclaim Defendant Telegram Messenger Inc's ("Telegram") reasonable attorneys' fees and costs.  (*See* ECF No. 86 (the "Order") at 9.)

In preparing this Application for Attorneys' Fees (the "Application"), Telegram carefully sifted through time entries to identify and segregate those that relate to tasks it undertook in connection with its defense of Lantah's counterclaims, and then reviewed each of those entries for reasonableness in light of the principles discussed by this Court in the Order.  Where appropriate, Telegram proactively applied a reduction—ranging from 30%-90%—to account for block-billing and related issues.  In all instances, Telegram erred on the side of excluding time when there was any question as to reasonableness or appropriateness for recovery.

Based on this review, and as set forth in detail in Exhibit 1 to the Declaration of John Neukom ("Neukom Decl."),[1] Telegram respectfully submits that it is entitled to recover for 348.76 hours of work in connection with its defense of Lantah's counterclaims.  Further, although Telegram was billed at, and paid, a much higher hourly rate, Telegram submits that in accordance with the Order reasonable rates for recovery here are $600/hour for work performed by partners, $500/hour for work performed by counsel, and $400/hour for work performed by associates.

Accordingly, Telegram requests that this Court enter an award for Telegram in the amount of $167,458.00.  That would represent an award to Telegram that is approximately one-quarter of the fee award the Court granted to Lantah.

---

[1] For the sake of clarity, Telegram notes that Exhibit 1 is not a complete record of all of the time entries billed in this matter, but rather a collection of only those entries relevant to the Application. The work conducted in this case was billed to two different general matter numbers, and thus the complete record included hundreds of entries for work entirely unrelated to this case.  However, the entries as they appear on Exhibit 1 have not been altered in terms of substance, and the timekeeper, date, billed hours, and narrative entries appear exactly as they were billed to Telegram. (*See* Neukom Decl. ¶¶ 3-5.)  The only changes that have been made are the inclusion of columns setting forth hour adjustments, the reason for those adjustments, the resulting adjusted hours, the billing rate claimed, and the total amount claimed.  (*See id.* at ¶ 6.)

## ARGUMENT

### I.    Legal Standard

The Ninth Circuit "requires a district court to calculate an award of attorneys' fees by first calculating the 'lodestar.'"  *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the [fee-requesting] party reasonably expended on the litigation by a reasonable hourly rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

"There is a strong presumption that the lodestar figure represents a reasonable fee."  *Id.* at 363 n.8.  Because the lodestar figure is presumptively reasonable, adjustments should be made only in "rare and exceptional cases," *i.e.*, where the lodestar amount as calculated is unreasonably low or high. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

### II.   Telegram's Requested Hours Are Reasonable

Telegram is requesting only those hours that were reasonably expended in connection with its defense of Lantah's counterclaims.  As set forth in Exhibit 1 to the Declaration of John Neukom ("Neukom Decl."), Telegram is seeking recovery for hours expended in the following categories of work: (1) responding to Lantah's counterclaims; (2) settlement and mediation; (3) Telegram's offensive discovery; (4) case management; (5) Telegram's motion for summary judgment; (6) responding to Lantah's discovery requests; (7) responding to Lantah's motion to voluntarily dismiss; and (8) preparing the Application.

As discussed in detail below, work performed in each of these categories related to Lantah's counterclaims, and thus it is reasonable for Telegram to request fees in connection with such work. While work performed in some of the categories may also relate to Telegram's affirmative claims, "'[a]ttorneys' fees need not be apportioned when incurred for representation of an *issue* common to both a cause of action for which fees are proper and one in which they are not allowed.'"  *Sahadi v. Conner Peripherals, Inc.*, 12 F.3d 1108, 1993 WL 478918, at *2 (9th Cir. 1993) (quoting *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985)).  Indeed, courts routinely decline to reduce fee awards in situations where, as here, the claims and counterclaims are so "inextricably intertwined" as to make apportionment impossible or infeasible.  *See, e.g.*, *t'Bear v. Forman*, No. 17-cv-00796-

JSC, 2020 WL 3050772, at *9 (N.D. Cal. June 8, 2020) (rejecting argument that fees associated with claims and counterclaims should be apportioned on the basis that "the status of the promissory notes was an issue common to all claims, and as such, all claims are inextricably intertwined"); *SAS v. Sawabeh Info. Servs. Co.*, No. CV 11–04147 MMM (MANx), 2015 WL 12763541, at *16 (C. D. Cal June 22, 2015) (in Lanham Act case, declining to apportion fees because "an allocation between the Lanham Act claims and the wrongful seizure counterclaim would not be feasible"); *Cyclone USA, Inc. v. LL & C Dealer Servs., LLC*, No. CV 03–992 AJW, 2010 WL 2104963, at *6 (C.D. Cal. May 24, 2010) (holding that "a meaningful apportionment would be impossible" in part because the plaintiff's "Lanham Act claims were the heart of this case" and the "counterclaims were intertwined with [plaintiff's] Lanham Act claims"); *Ford Motor Credit Co. v. Daugherty*, No. CIV. S-04-2344 LKK/JFM, 2006 WL 8458742, at *3 (E.D. Cal. July 19, 2006) ("It would be impracticable for the court to apportion the fees in this case because plaintiff's claims and defendant's counterclaims all arise out of the same set of facts and involve the same guaranty agreement.").

Here, both parties have repeatedly confirmed that all claims and counterclaims pleaded on both sides of this litigation turned on a single issue—which party enjoyed priority in the GRAM mark in connection with cryptocurrency services.  (*See, e.g.*, ECF No. 16 at vii; ECF No. 20 at 5; ECF No. 67 at 4.)  Thus, because Telegram's claims and Lantah's counterclaims are "inextricably intertwined," apportionment would be impossible and Telegram is entitled to recover for all hours expended in connection with the counterclaims, even where such work also related to its affirmative claims. *See, e.g.*, *Sahadi*, 12 F.3d 1108, 1993 WL 478918, at *2; *t'Bear*, 2020 WL 3050772, at *9.[2]

Finally, in accordance with the principles outlined in the Court's Order on Lantah's fee application, Telegram has proactively applied a reduction to certain time entries where appropriate. Accordingly, Telegram respectfully submits that the number of hours claimed is reasonable and should be used to calculate the lodestar figure here.

---

[2]     It is also worth noting that in its own fee application, Lantah did not make any reduction to its claimed hours for tasks which related both to its counterclaims and Telegram's affirmative claims, nor did the Court order any such reduction of Lantah's claimed hours on this basis.

**TELEGRAM'S OPP. TO APPLICATION FOR ATTORNEY FEES AND COSTS          3:18-CV-2811-CRB**

**A.    The Categories of Activity and Amounts Claimed Are Reasonable**

1.    Time Spent Responding to Lantah's Counterclaims

Telegram expended 22.65 hours (after adjustments) in connection with reviewing Lantah's counterclaim pleading, researching possible affirmative defenses to Lantah's counterclaims, and drafting Telegram's response.  (*See* Neukom Decl., Ex. 1.)  This work is plainly related to Lantah's counterclaims, and the amount of time spent is reasonable in light of the task (*see, e.g.* Order at 14 (determining that 42.1 hours was reasonable to prepare Lantah's answer and counterclaims)). Accordingly, these hours should be included in Telegram's fee award.

2.    Time Spent on Settlement and Mediation

Telegram expended 51.35 hours (after adjustments) in connection with the parties' various settlement and mediation efforts.  (*See* Neukom Decl, Ex. 1.)  Throughout the parties' settlement discussions, the negotiations always concerned a *global* resolution of the case, and thus involved Lantah's counterclaims (as well as Telegram's affirmative claims).  (*See* Neukom Decl. ¶ 7.) Further, given Lantah's positions taken during the settlement discussions, it was quite clear that Lantah was seeking to recover on bases ostensibly supported by the assertion of Lantah's counterclaims.  (*See id.* at ¶ 8.)  Accordingly, (i) it would be impossible to apportion these hours between the counterclaims and claims in any meaningful or principled way, and (ii) if such apportionment were to occur, it would support assigning all such fees to Lantah's counterclaims; accordingly Telegram is entitled to recover for the full amount of time it spent on settlement and mediation tasks.  *See, e.g.*, *Cyclone USA, Inc.*, 2010 WL 2104963, at *6.

Given that this case lasted nearly two and a half years, and the parties participated in multiple mediation efforts (including in connection with Lantah's Ninth Circuit appeal, and with Judge Corley), 51.35 hours is a reasonable amount of time to dedicate to settlement tasks. Accordingly, these hours should be included in Telegram's fee award.  Telegram would also note that Lantah asked for and was awarded fees and costs for its participation in settlement efforts. (*See* ECF No. 79 at 34-42, 87.)

1

        3.     <u>Time Spent on Offensive Discovery</u>

2        Telegram expended 1.67 hours (after adjustments) in connection with offensive discovery

3 that it drafted, but never served, directed at, *inter alia*, claims and allegations included in Lantah's

4 counterclaims.  (*See* Neukom Decl., Ex. 1.)  Although these discovery requests were never served,

5 and thus Telegram recognizes it may not be entitled to recover for all the time spent on such

6 requests, 1.67 hours is a reasonable amount of time to dedicate to unserved discovery.

7 Accordingly, these hours should be included in Telegram's fee award.

8        4.     <u>Time Spent on Case Management Tasks</u>

9        Telegram expended 41.96 hours (after adjustments) in connection with case management

10 tasks.  (*See* Neukom Decl., Ex. 1.)  As with the time spent on settlement and mediation, the time

11 spent on case management tasks was directed to the case as a whole, and thus related to both

12 Lantah's counterclaims and Telegram's claims.  Further, because both the claims and

13 counterclaims turned on a single issue—and the resolution of that issue was the focus of all the

14 case management activity in this matter—apportionment would be impractical and Telegram is

15 entitled to recover for all of the hours it reasonably expended on case management tasks.  *See, e.g.*,

16 *Sahadi*, 12 F.3d 1108, 1993 WL 478918, at *2; *t'Bear*, 2020 WL 3050772, at *9.

17        This case involved numerous case management conferences, and the parties prepared and

18 submitted three case management statements over the course of the litigation.  (*See* ECF Nos. 55,

19 64, 67.)  Accordingly, 41.96 hours is a reasonable amount of time to have expended on case

20 management activities, and these hours should be included in Telegram's fee award.

21        5.     <u>Time Spent on Telegram's Summary Judgment Motion</u>

22        Telegram expended 109.88 hours (after adjustments) in connection with its motion for

23 summary judgment, which included researching and drafting its motion, reviewing Lantah's

24 opposition and conducting additional research based on that response, and drafting its reply.  (*See*

25 Neukom Decl., Ex. 1.).  Although Telegram's moving brief focused more on Telegram's own

26 claims, the exact same arguments, evidence, and case law that Telegram relied on to support is

27 position with respect to its claims applied to Telegram's position on Lantah's counterclaims as

28 well.  Indeed, Telegram explicitly noted that "for the same reasons that summary judgment is

1    appropriate on Telegram's claims[,] summary judgment should be entered against Defendant on its

2    counterclaims."  (ECF No. 43 at 14.).  Thus, because Telegram's claims and Lantah's

3    counterclaims were "inextricably intertwined," and the time spent on researching and drafting

4    arguments in support of or in defense of those claims and counterclaims cannot be apportioned,

5    Telegram is entitled to recover for all of the reasonable hours it expended on its summary

6    judgment motion.  *See, e.g.*, *Cyclone USA, Inc.*, 2010 WL 2104963, at *6.

7            Moreover, 39.28 of the hours included in this category were spent on reviewing Lantah's

8    opposition and drafting a reply in response.  (*See* Neukom Decl., Ex. 1.)  In its opposition to

9    Telegram's summary judgment motion, Lantah raised for the first time new arguments, and

10   provided new evidence, regarding its claimed priority in the GRAM mark based on a series of

11   allegedly "binding commitments to issue Gram cryptocurrency *before* Telegram" (ECF Nos. 47 at

12   1, 47.2.)  This argument was in support of Lantah's position that "the Court should deny summary

13   judgment to Telegram and enter summary judgment for Lantah"  (ECF No. 47 at 6), and thus was

14   directly related to Lantah's counterclaims.  Accordingly, while Telegram respectfully submits that

15   it is entitled to recover for the total 109.88 hours sought in connection with its summary judgment

16   motion, at the very least there can be no question that the 39.28 hours it spent in reviewing and

17   responding to Lantah's arguments in opposition are directly related to Lantah's counterclaims.

18           Additionally, it was not unreasonable for Telegram to have spent 109.88 hours on its

19   summary judgment briefing.  Indeed, this Court recent held that Lantah was entitled to recover for

20   55.1 hours of work done in connection with the preparation and drafting of its 10-page summary

21   judgment reply brief alone, as well as 90.8 hours in connection with Lantah's opposition to

22   Telegram's voluntary motion to dismiss (which, again, constituted just a single brief). (*See* Order

23   at 18.)  Compared to these numbers, Telegram having spent 109.88 hours in researching and

24   drafting two briefs, as well as reviewing Lantah's opposition—which included a newly-asserted

25   argument on priority and dozens of pages of new evidence—is reasonable,  Thus, these hours

26   should be included in Telegram's fee award.

27

28

**TELEGRAM'S OPP. TO APPLICATION FOR ATTORNEY FEES AND COSTS**          **3:18-CV-2811-CRB**

6. <u>Time Spent on Lantah's Discovery Requests</u>

Telegram expended 76.27 hours (after adjustments) in connection with discovery requests served by Lantah, including communications with other counsel and researching issues related to third party subpoenas Lantah served.  (*See* Neukom Decl., Ex. 1.)  These requests were overwhelmingly directed to the issue of priority in the GRAM mark, with a significant portion seemingly focused on finding support for Lantah's unlawful use argument.  (*See* Neukom Decl. ¶ 11.)  As with many of the categories discussed above, while these discovery requests certainly related to Telegram's affirmative claims, they also were directly relevant to Lantah's counterclaims, as the issue of priority of use was a crucial component of both the claims and the counterclaims.  Accordingly, Telegram is entitled to recover fees for all hours reasonably expended in connection with these discovery requests.

Moreover, 76.27 hours is reasonable, given the extensive scope and complexity of the requests.  Lantah served Telegram with 157 requests for admission, 32 requests for production of documents, and 15 interrogatories.  (*See id.* at ¶ 10.)  Additionally, Lantah served third-party Mike Butcher, Editor-at-Large of Techcrunch, with subpoenas to produce documents and testify in person in London, necessitating Telegram to take actions to assist in  protecting Mr. Butcher from unnecessary hassle and expense, and prepare for a possible in-person deposition in a foreign jurisdiction.  (*See id.* at ¶ 9.)  Further, according to Lantah's own records, it spent over 100 hours simply preparing and "enforcing" these discovery requests.  (ECF No. 79 at 32-40).  Accordingly, it is not unreasonable for Telegram to have expended 76.27 hours in responding to Lantah's discovery requests, and these hours should be included in Telegram's fee award.

7. <u>Time Spent Responding to Lantah's Motion to Voluntarily Dismiss</u>

Telegram expended 6.08 hours (after adjustments) in responding to Lantah's motion to voluntarily dismiss its counterclaims.  (*See* Neukom Decl., Ex. 1.)  These hours were plainly related to Lantah's counterclaims, and in fact Telegram's affirmative claims had already been dismissed by the time Lantah filed its motion.  (*See* ECF Nos. 77, 80.)

Additionally, it was reasonable for Telegram to expend 6.08 hours on responding to Lantah's motion.  Although Telegram did not object to the dismissal of Lantah's counterclaims,

7

Lantah declined to condition its dismissal on an award of fees to Telegram, thus necessitating a response from Telegram.  (*See* ECF No. 80 at 3-4.)  Further, the 6.08 hours requested represents a small fraction of the 90.8 hours this Court awarded to Lantah in connection with its response to Telegram's matching motion.  (*See* Order at 18).  Accordingly, these hours should be included in Telegram's fee award.

### 8.   Time Spent Preparing the Instant Application

Telegram expended 38.9 hours in preparing the instant Application.  (*See* Neukom Decl., Ex. 1.)  In general, time spent in preparing a fee application can be included in a fee award, *see, e.g.*, *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995), and this Court awarded Lantah fees for hours expended on its own fee application.  (*See* Order at 18.)  Thus, Telegram is entitled to recover fees in this category.

Telegram's requested 38.9 hours are reasonable for this task.  Again, this amount is well below the 65 hours this Court held to be reasonable in connection with Lantah's fee motion.  (*See id.*)  Accordingly, these hours should be included in Telegram's fee award.

### B.   **Telegram Has Applied an Appropriate Reduction to its Claimed Hours**

In accordance with the principles discussed in this Court's Order on Lantah's fee application, Telegram has proactively adjusted its claimed hours to ensure the reasonableness of its request.  For example, based on the Court's 90% reduction of hours claimed by Lantah that occurred while the case was stayed (*see* Order at 11-13), Telegram has applied a 90% reduction to hours spent on its offensive discovery, as such discovery was never ultimately served.  Additionally, Telegram has applied the maximum 30% reduction to the majority of its block billed entries (*see id.* at 16-17; *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)), and an 80% reduction to those block billed entries where the narrative made clear that only a small portion of the time was dedicated to a relevant task.  Finally, Telegram has applied a 30% reduction to any entries where it determined that the hours expended were arguably excessive given the task description.  (*See* Order at 14-15.)

Given the careful review conducted by Telegram, and the proactive adjustments it has applied to its time entries, Telegram respectfully submits that its claimed 348.76 hours are reasonable

1  for purposes of the lodestar calculation.  Such hours represent only 34% of the total number of hours

2  for which Lantah was awarded fees.

3  **III.     Telegram's Requested Hourly Rate is Reasonable**

4          Telegram is requesting an hourly rate of $600/hour for work performed by partners,

5  $500/hour for work performed by counsel, and $400/hour for work performed by associates.  To

6  be clear, these rates are well below the actual rates charged to—and paid by—Telegram in this

7  matter.  For example, Mr. Neukom, the lead partner on this matter, has a current billing rate of

8  approximately $1,600/hour, and Mr. Lamb, the lead associate, has a current billing rate of

9  approximately $1,100/hour.  (*See* Neukom Decl. ¶ 12.)   While Telegram believes that these rates

10  are reasonable for the quality of work provided by counsel, and are supported by the market, based

11  on this Court's Order, and the cases cited therein, Telegram submits that an award of $600/hour for

12  partner work is reasonable and appropriate here.  (*See* Order at 10-11.)  Further, because associates

13  and counsel have less experience, Telegram submits that rates of $400/hour and $500/hour,

14  respectfully, are reasonable.

15                        *                        *                        *

16          Accordingly, Telegram believes that its request for 348.76 hours, compensable at rates of

17  $600/hour for partner work, $500/hour for counsel work, and $400/hour for associate work, is

18  reasonable for purposes of the lodestar calculation.  Accordingly, as set forth in detail in Exhibit 1

19  to the Neukom Declaration, Telegram respectfully submits that it is entitled to a fee award of

20  $167,458.00.[3]

21                              **CONCLUSION**

22          For the reasons discussed above, Telegram respectfully requests that this Court award

23  Telegram $167,458.00 in attorneys' fees.[4]

---

[3] Telegram does not believe that this is a "rare and exceptional" case necessitating an adjustment
of the lodestar amount.  (*See* Order at 17.)
[4] Telegram is not seeking any costs in connection with this Application.

9

1  DATED:        December 2, 2020

2                                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

3

4                                              By:  _____/s/ John M. Neukom_____
                                                         John M. Neukom

5
                                                       Attorneys for Plaintiff
6                                                    TELEGRAM MESSENGER INC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TELEGRAM'S OPP. TO APPLICATION FOR ATTORNEY FEES AND COSTS          3:18-cv-2811-CRB**

1

## <u>CERTIFICATE OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

3

4

      I am employed in the county of Santa Clara, State of California.  I am over the age of 18 and not a party to the action; my business address is 525 University Avenue, 14th Floor, Palo Alto, CA 94301.  My email address is john.neukom@skadden.com.

5

6

      On **December 2, 2020**, I served documents described as:

7

**PLAINTIFF TELEGRAM MESSENGER INC'S RESPONSE IN OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY FEES AND COSTS**

8

9

    ☒    **(BY CM/ECF NOTICE OF ELECTRONIC FILING)**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

10

11

12

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

13

14

      Executed on **December 2, 2020,** at Palo Alto, California.

15

16

        */s/ John M. Neukom*
          John M. Neukom

17

18

19

20

21

22

23

24

25

26

27

28

TELEGRAM'S OPP. TO APPLICATION FOR ATTORNEY FEES AND COSTS    3:18-CV-2811-CRB