JOHN NEUKOM (SBN 275887)
john.neukom@skadden.com
JAMES Y. PAK (SBN 304563)
james.pak@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone:   (650) 470-4500
Facsimile:    (650) 470-4570

Attorneys for Plaintiff
TELEGRAM MESSENGER INC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TELEGRAM MESSENGER INC,<br><br>Plaintiff,<br><br>v.<br><br>LANTAH LLC,<br><br>Defendant. | CASE NO.: 3:18-cv-2811-CRB<br><br>**[CORRECTED] DECLARATION OF JOHN M. NEUKOM IN SUPPORT OF PLAINTIFF TELEGRAM MESSENGER INC'S APPLICATION FOR ATTORNEYS' FEES** |

I, John M. Neukom, hereby declare as follows:

1. I am an attorney at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which is counsel of record for Plaintiff and Counterclaim Defendant Telegram Messenger Inc ("Telegram") in the above-captioned matter. I am admitted to practice before the courts of the State of California. I make this declaration based on my own personal knowledge, and if called upon to do so, could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a collection of time entries for work that was conducted by attorneys at my law firm, including myself, related to the defense of counterclaims asserted by Defendant and Counterclaim Plaintiff Lantah, LLC ("Lantah") against Telegram in this matter.

3. Exhibit 1 is not a complete record of all of the time entries billed in this matter, but rather is a collection of those entries relevant to Telegram's application for attorneys' fees (the "Application").

4. The work conducted in connection with this case was billed to two different general client matter numbers, and as such the complete record for the bills associated with these general numbers contain hundreds of entries for work entirely unrelated to this case.

5. The entries as they appear on Exhibit 1 have been compiled and sorted into categories, but they have not been altered in terms of substance, and the timekeeper, date, billed hours, and narrative entries appear exactly as they were billed to Telegram.

6. The only changes that have been made to those entries are the addition of columns setting forth specific information related to the Application (such as hour adjustments, reason for adjustment, resulting adjusted hours, billing rate claimed, and total amount claimed).

7. The parties discussed the settlement of this matter on multiple occasions, including during two court-ordered mediation sessions, and in each of these instances the parties discussed a global resolution to all claims and counterclaims in the case.

8. Given Lantah's conduct and positions taken during the settlement discussions, it was quite clear that Lantah (despite being the defendant in the case) was seeking to recover from

1

Telegram, meaning Lantah was making demands against Telegram on the basis of its counterclaims.

9. On October 4, 2019, Lantah served third-party Mike Butcher, Editor-at-Large of Techcrunch, with subpoenas to produce documents and testify in person in London.

10. On October 15, 2019, Lantah served Telegram with 157 requests for admission, 32 requests for production of documents, and 15 interrogatories.

11. These requests were primarily directed to the issue of which party first used the GRAM mark, and a significant portion of the information sought related to a lawsuit filed by the SEC against Telegram in the Southern District of New York: *SEC v. Telegram Group Inc. et al.*, Case No. 1:19-cv-09439-PKC (S.D.N.Y. Oct. 11, 2019).

12. My current hourly rate is approximately $1,600, and the current hourly rate for David Lamb, the lead associate at my law firm on this case, is approximately $1,100.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 3, 2020, in Palo Alto, California.

                                          */s/ John M. Neukom*
                                            John M. Neukom