United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TELEGRAM MESSENGER INC,

        Plaintiff,

    v.

LANTAH, LLC,

        Defendant.

Case No.  18-cv-02811-CRB

**ORDER GRANTING IN PART
MOTION FOR ATTORNEYS' FEES**

This is a trademark dispute between Plaintiff Telegram Messenger Inc. ("Telegram") and Defendant Lantah, LLC ("Lantah") regarding the use of the GRAM mark for a cryptocurrency.  In August 2020, the Court granted Telegram's motion to voluntarily dismiss the case without prejudice, on the condition that Telegram pay Lantah's reasonable attorneys' fees and costs.  In response, Lantah moved to voluntarily dismiss its counterclaims.  In November 2020, the Court granted Lantah's motion to voluntarily dismiss the counterclaims without prejudice, on the condition that Lantah pay Telegram's reasonable attorneys' fees and costs.  Telegram now moves to recover those fees.  The Court finds this matter suitable for resolution without oral argument and therefore VACATES the hearing currently set for January 21, 2021.

For the reasons set forth below, the Court GRANTS in part Telegram's motion, and awards Telegram $46,189.80 in attorneys' fees.

## I.     BACKGROUND

### A.     Parties

Plaintiff Telegram is a large technology company best known for its electronic messaging service.  See Compl. (dkt. 1) ¶¶ 16–19.  In 2017, Telegram began developing a cryptocurrency exchange network, using the name GRAM for the cryptocurrency.  Telegram's Mot. to Dismiss

(dkt. 69) at 1.  To finance this venture, Telegram executed over $1.5 billion worth of Purchase Agreements with investors, promising future delivery of GRAMs.  Compl. ¶¶ 28–34; Telegram's Mot. to Dismiss at 1.

Defendant Lantah is a small technology company founded in 2017 with the intention of issuing a cryptocurrency also called GRAM.  See Lantah's Opp'n (dkt. 73) at 1.  In 2018, Lantah applied for the GRAM mark with the United States Patent and Trademark Office.  Id. at 3.

### B.   Procedural History

#### 1.   Trademark Infringement Case

On May 11, 2018, Telegram filed this suit against Lantah, bringing claims of false designation of origin, common law trademark infringement, and unfair competition.  See generally Compl.  On June 8, 2018, Lantah filed its answer, along with counterclaims alleging that Lantah, not Telegram, had priority over the GRAM mark.  See generally Answer (dkt. 14).  At this point, some media coverage referred to Lantah as a "trademark squatter."  See Jeffery Decl. (dkt. 73-1). Exs. 9–10

Telegram then moved for a preliminary injunction barring Lantah from using the GRAM mark.  Telegram's Mot. to Dismiss at 1.  Lantah opposed the preliminary injunction and filed for summary judgment.  Id.  This Court granted Telegram's motion for a preliminary injunction and denied Lantah's motion for summary judgment.  Id. at 2.  This Court held that Telegram was likely to succeed on its claim that it had been using the mark in commerce before Lantah, relying mostly on Telegram's GRAM Purchase Agreements.  See Order Granting Prelim. Inj. (dkt. 39) at 10.  Following this decision, Telegram filed its own summary judgment motion, while Lantah appealed the preliminary injunction order.  Telegram's Mot. to Dismiss at 2.  The Court stayed Telegram's summary judgment motion pending appeal.  Order Staying MSJ. (dkt. 48).

On July 17, 2019, the Ninth Circuit affirmed the preliminary injunction.  Telegram's Mot. to Dismiss at 2.  Lantah then filed petitions for rehearing and rehearing en banc, which the Ninth Circuit denied.  Id.

The case then returned to this Court.  Lantah served third-party subpoenas and requests for production on a news outlet that had covered Telegram's Purchase Agreements.  Id. at 2–3.

Lantah also served Telegram with 157 requests for admission, 32 requests for production of documents, and 15 interrogatories. Id. at 3. These requests were mostly related to Telegram's ongoing litigation with the SEC, discussed below. Id. At the first and only case management conference, on November 15, 2019, the Court stayed all discovery and dispositive motions. Id.

### 2. SEC Action

While Telegram and Lantah pursued their trademark claims in this Court, the SEC began investigating Telegram. Thompson Decl. (dkt 73-2) Ex. 12 ¶¶ 8–11.

On October 11, 2019, the SEC sued Telegram in the Southern District of New York, alleging that Telegram violated securities regulations by using the GRAM Purchase Agreements as financing vehicles. SEC v. Telegram Grp. Inc., Case No. 1:19-cv-09439-PKC (S.D.N.Y. Oct. 11, 2019) (the "SEC Action").

On March 24, 2020, the SEC obtained a preliminary injunction against Telegram, barring the company from delivering GRAMs pursuant to those earlier Purchase Agreements. SEC v. Telegram Grp. Inc., No. 19-CV-9439 (PKC), 2020 WL 1430035 (S.D.N.Y. Mar. 24, 2020). Telegram initially appealed the preliminary injunction order to the Second Circuit, then withdrew its appeal. Telegram's Mot. to Dismiss at 3–4.

By May 2020, Telegram announced that it would no longer pursue its cryptocurrency network and began exiting its Purchase Agreement transactions. Id. at 4. On June 26, 2020, the Southern District of New York approved a settlement between the SEC and Telegram. Thompson Decl., Ex. 16. Without admitting or denying the allegations in the SEC's initial complaint, Telegram agreed to return funds from its GRAM Purchase Agreements, pay an $18.5 million civil penalty, and give the SEC notice before any new digital issuances for the next three years. Id.

### 3. Both Parties Move for Voluntary Dismissal

On June 9, 2020, as the SEC Action neared completion, Telegram filed a motion to voluntarily dismiss its claims here. See generally Telegram's Mot. to Dismiss. The Court granted Telegram's motion without prejudice on the conditions that (1) the preliminary injunction be vacated, and (2) Telegram pay Lantah's reasonable attorneys' fees and costs. Order Granting Telegram's Voluntary Dismissal (dkt. 77) at 10. The Court later awarded Lantah $618,240 in fees

and $6,737.35 in costs.  Order Granting Motion to Dismiss Counterclaims & for Attorneys' Fees (dkt. 86) at 1.

The Court also directed Lantah to advise the Court of how it wished to proceed with its counterclaims.  Order Granting Telegram's Voluntary Dismissal at 10.  On September 14, Lantah informed the Court that it planned to seek voluntary dismissal of its counterclaims.  See Lantah's Notice of Intent (dkt. 78) at 2.  Shortly thereafter, Lantah filed a motion to voluntarily dismiss its counterclaims without prejudice.  See generally Lantah's Mot to Dismiss (dkt. 80).  Telegram opposed Lantah's motion to dismiss its counterclaims and argued that the Court should condition dismissal without prejudice upon Lantah paying Telegram's reasonable attorneys' fees and costs.  Opp'n to Fee Mot. (dkt. 82) at 1.  The Court granted Lantah's motion to dismiss its counterclaims without prejudice, on the condition that Lantah pay Telegram's reasonable attorneys' fees and costs arising from the counterclaims.  Order Granting Motion to Dismiss Counterclaims & for Attorneys' Fees at 1.

### 4.    The Pending Motion

On December 2, 2020, Telegram filed this motion for attorneys' fees pursuant to the condition that this Court imposed upon granting Lantah's motion for voluntary dismissal.  See generally Telegram's Fee Mot. (dkt. 87); see also Order Granting Motion to Dismiss Counterclaims at 1.  Telegram does not seek any costs.  Telegram's Fee Mot. at 9 n.4.

Lantah opposed Telegram's motion.  Lantah's Opp'n to Fee Mot. (dkt. 93) at 1.  Telegram filed a reply in support of its motion.  Telegram's Reply re Fee Mot. (dkt. 95).  Lantah filed an evidentiary objection to an Exhibit attached to Telegram's reply.  Response re Order to File Under Seal (dkt. 97) at 2.

## II.    LEGAL STANDARD

A court may dismiss an action, at plaintiff's request, on terms that it considers proper.  See Fed. R. Civ. P. 41(a)(2).  Courts generally impose terms and conditions for the defendant's protection.  See Westlands Water Dist v. United States, 100 F.3d 94, 97 (9th Cir. 1996).  Courts are permitted, but not required, to impose payment of attorneys' fees as a condition for granting a voluntary dismissal without prejudice.  Id.  In determining whether to award costs and fees

United States District Court
Northern District of California

United States District Court
Northern District of California

1  following a voluntary dismissal without prejudice, courts generally consider the following factors:

2  (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense

3  incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed;

4  and (4) the plaintiff's diligence in moving to dismiss.  See Fraley v. Facebook, Inc., No. 11-CV-

5  01726-LHK, 2012 WL 893152, at 4* (quoting Williams v. Peralta Cmty. Coll. Dist., 277 F.R.D.

6  538, 539 (N.D. Cal. 2005).

7       The lodestar method is the customary way to determine a reasonable attorneys' fee award.

8  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  The lodestar is calculated by

9  multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.

10  McGrath v. Cty. of Nevada, 67 F.3d 248, 252 (9th Cir. 1995).  The court may adjust the lodestar

11  figure based on other considerations.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The party

12  seeking a fee award bears the burden of showing that the claimed rate and hours worked are

13  reasonable.  Jordan v. Multnomah Cty., 815 F.2d 1258, 1263 (9th Cir. 1987).

### III.    DISCUSSION

15       Telegram seeks $167,458 in fees.  Telegram's Fee Mot. at 9.  Lantah argues that the Court

16  should award Telegram nothing, or substantially reduce Telegram's requested award.  See

17  Lantah's Opp'n to Fee Mot. at 1.  The Court agrees that Telegram's requested award should be

18  substantially reduced.

### A.    Hourly Rate

20       Telegram requests an hourly rate of $600/hour for work performed by partners, $500/hour

21  for work performed by counsel, and $400/hour for work performed by associates.  Telegram's Fee

22  Mot. at 9.  Telegram argues that these rates are reasonable because they are well below the actual

23  rates paid by Telegram and because this Court approved an hourly rate of $600/hour for Lantah's

24  fee calculation.  Id.; Order Granting Motion to Dismiss Counterclaims & for Attorneys' Fees at

25  10.  Lantah does not oppose these rates.  Telegram's Reply re Fee Mot. at 1 n.2.

26       The Court accepts Telegram's requested hourly rates.

### B.    Time

28       Telegram requests fees in connection with nine categories of work.  See generally Neukom

Decl. (dkt. 92) Ex. 1; Neukom Reply Decl.  This order now addresses each of Telegram's billing categories in turn—determining the number of hours reasonably expended and performing loadstar calculations for each category.

In doing so, the Court is governed by its previous order which limited the scope of recoverable fees to those fees expended "to defend against Lantah's counterclaims."  Order Granting Motion to Dismiss Counterclaims & for Attorneys' Fees at 7.  In that order, this Court allowed that fees related to answering the counterclaims, researching affirmative defenses, and preparing portions of a summary judgement brief directed to the counterclaims could be recoverable.  Id.  However, this Court also cautioned that any award would likely be small under the Williams factors because defending against counterclaims usually incurs fewer duplicative fees than defending against affirmative claims.  Id. at 7, 9.

Telegram's fee request frames the issues differently.  Telegram argues that it should be able to recover fees for tasks that relate to Telegram's affirmative claims so long as they also relate to the counterclaims.  Telegram's Fee Mot. at 2.  As support, Telegram cites Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985).  Telegram's Fee Mot. at 2 ("'[a]ttorneys' fees' need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are proper and one in which they are not allowed").  Telegram asserts that both the claims and the counterclaims turn on the issue of priority in the GRAM mark. Id. at 3.  Therefore, Telegram maintains, it should be able to recover all fees incurred in litigating the issue of priority.  Id.

Lantah argues that the issue of priority is really two issues: Telegram's "use in commerce" and Lantah's "common law rights."  Lantah's Opp'n to Fee Mot. at 2.  Lantah claims that Telegram's "use in commerce" was the primary issue with respect to Telegram's original claims while Lantah's "common law rights" was the primary issue with respect to the counterclaims. Lantah asks that the Court only award fees for tasks related to litigating Lantah's "common law rights."

Telegram may not recover fees for work related to Telegram's affirmative claims.  While both parties have focused their argument on the apportionment standard as applied in Diamond,

6

United States District Court
Northern District of California

1    there is an overriding limitation to an award of attorney's fees following a voluntary dismissal

2    without prejudice.  As explained above, courts apply the <u>Williams</u> factors to define the scope of

3    recoverable fees.  Tasks that relate to issues common to the original claims and the counterclaims

4    are not "duplicative expense[s]" under the <u>Williams</u> factors because Telegram incurred these fees

5    in litigating its original claims.  <u>See Williams</u>, 277 F.R.D. at 539.  The Court holds that Telegram

6    may only recover fees incurred as a consequence of Lantah's decision to assert counterclaims.

### 1.    Time Spent Responding to Lantah's Counterclaims

8        Telegram requests fees for 22.65 hours spent reviewing, researching, and responding to

9    Lantah's counterclaim pleading.  Telegram's Fee Mot. at 4.  Under the accepted hourly rates, this

10    comes to $10,835 in fees.  Neukom Decl. Ex. 1 at 4.  Telegram arrives at this number by making

11    several proactive reductions for block-billed entries which include tasks that are both related and

12    unrelated to the counterclaims.  <u>Id.</u> at 3-4.

13        Lantah argues that the reductions for block-billed entries should be even greater because

14    Telegram's answer was only 6 pages long and mostly consisted of denials.  Lantah's Opp'n to Fee

15    Mot. at 5.  Lantah also argues that there should be a further 50% reduction because six

16    timekeepers worked on these tasks, likely leading to inefficiencies.  <u>Id.</u>

17        Courts should exclude from a fee request any hours not "reasonably expended," including

18    those that are "excessive, redundant, or otherwise unnecessary."  <u>Jankey v. Poop Deck</u>, 537 F.3d

19    1122, 1132 (9th Cir. 2008) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. at 434).  Block-billing is not

20    per se unreasonable.  <u>See</u> <u>Fischer v. SJP-P.D., Inc.</u>, 214 F.3d 1115, 1121 (9th Cir. 2000).

21    However, block-billing poses special problems in this case because the Court must identify and

22    exclude from the fee award time spent on tasks without a connection to the counterclaims.  <u>See</u>

23    <u>Koch v. Hankins</u>, 8 F.3d 650, 652 (9th Cir. 1993); <u>see also</u> Order Granting Motion to Dismiss

24    Counterclaims & for Attorneys' Fees at 16.

25        Telegram's proposed reductions are reasonable.  Upon review of the time entries and

26    narratives, the block-billed entries at issue are generally more fine-grained that the block-billed

27    entries this Court dealt with in Lantah's motion for fees.  <u>See generally</u> Lantah's Fee Mot. (dkt.

28    79) at 15–46; Neukom Decl. Ex. 1 at 3–4.  Even so, each of Telegram's proposed reductions for

United States District Court
Northern District of California

block-billed entries are at least 30%.  Neukom Decl. Ex. 1 at 3–4.  For comparison, this Court applied a single 30% reduction to all of Lantah's block-billed entries.  Order Granting Motion to Dismiss Counterclaims & for Attorneys' Fees at 17.  Furthermore, the 22.65 hours that Telegram billed in this category is not inconsistent with the 42.1 hours awarded to Lantah for answering the original complaint and asserting counterclaims.  See Id. at 18.  Lantah's complaints about overstaffing are conclusory.  Lantah has not argued that the staffing on these tasks led to any particular redundancy.  See Johnson v. Shobeiri, No. 18-cv-04816-VKD, 2019 WL 5458106, at 6* (N.D. Cal. October 24, 2019) ("the billing statement does not indicate that the staffing of this matter led to any particular redundancy in the work performed").  Based on the above facts and a review of the narratives and Telegram's proposed reductions, the Court concludes that Telegram's proposed reductions are reasonable.

The Court will award fees in the amount requested by Telegram of $10,835 for time spent responding to Lantah's counterclaims.

### 2.    Time Spent on Settlement and Mediation

Telegram requests fees for 51.35 hours spent in connection with the parties' various settlement and mediation efforts.  Telegram's Fee Mot. at 4.  Under the accepted hourly rates, this comes to $27,988 in fees.  Neukom Decl. Ex. 1 at 10.  Telegram argues that all hours spent in connection with the parties' settlement and mediation efforts should be recoverable because settlement discussions were aimed at a global resolution of all claims, including counterclaims.  Telegram's Fee Mot. at 4.  Therefore, Telegram argues, meaningful apportionment between the claims and the counterclaims is impossible.  Id.  Telegram also argues that positions Lantah took during settlement discussions made it clear that Lantah was making demands based on its counterclaims.  Id.

Lantah argues that the counterclaims neither necessitated nor motivated settlement in this case.  Lantah's Opp'n to Fee Mot. at 8.  Lantah argues that Telegram's proposal to structure a settlement as an acquisition of foreign rights in the GRAM mark demonstrates that Telegram's interest in settlement was not driven by the counterclaims.  Id.  Lantah also argues that the Court should further discount time billed during a stay in the case.  Id.

8

1    The vast majority of the fees incurred by Telegram in this billing category were not

2    incurred as a consequence of the counterclaims.  As Lantah correctly argues, Telegram assumed

3    an obligation to resolve this case when Telegram filed it.  Lantah's Opp'n to Fee Mot. at 8.  The

4    various settlement discussions that took place would have taken place regardless of whether the

5    counterclaims were also filed.  Id.  However, according to the Neukom declaration, Lantah did

6    make demands of Telegram during settlement discussions on the basis of Lantah's counterclaims.

7    Neukom Decl. (dkt. 89) at 1.  In light of these demands, a small amount of fees incurred by

8    Telegram under this billing category were incurred as a consequence of the counterclaims.  The

9    Court will apply a 90% reduction to Telegram's requested award.

10    Lantah also argues that a further 90% reduction should be applied to time billed during a

11    stay in the case.  Lantah's Opp'n to Fee Mot. at 8.  However, some continuing work during a stay

12    is appropriate.  Alzheimer's Inst. Of Am. v. Eli Lilly & Co., No. 10-cv-00482-EDL, 2016 WL

13    7732621, at *7 (N.D. Cal. Apr. 14, 2016).  Telegram billed only 41.6 hours during the stay.  See

14    Neukom Decl. Ex. 1 at 7–10.  Considering that there was a settlement conference held during the

15    stay, this is a reasonable amount of time.  See generally Order Regarding Settlement Conference

16    (dkt. 61).  The Court will not apply any further reduction for settlement work performed during

17    the stay.

18    The Court will award fees in the amount of $2,798.80 for time spent on settlement and

19    mediation.

20    ### 3.    Time Spent on Offensive Discovery

21    Telegram requests fees for 1.67 hours spent in connection with drafting discovery requests.

22    Telegram's Fee Mot. at 5.  Under the accepted hourly rates, this comes to $772 in fees.  Neukom

23    Decl. Ex. 1 at 12.  Lantah does not oppose this fee award.  Lantah's Opp'n to Fee Mot. at 12.

24    The Court will award fees in the amount requested by Telegram of $772 for time spent on

25    offensive discovery.

26    ### 4.    Time Spent on Case Management Tasks

27    Telegram requests fees for 41.96 hours spent in connection with case management tasks.

28    Telegram's Fee Mot. at 5.  Under the accepted hourly rates, this comes to $22,303 in fees.

United States District Court
Northern District of California

1   Neukom Decl. Ex. 1 at 16.  Telegram argues that all hours spent in connection with case

2   management tasks should be recoverable because case management tasks were focused on the

3   resolution of a single issue, and both the original claims and counterclaims turned on the

4   resolution of that issue.  Telegram's Fee Mot. at 5.  Telegram also argues that case management

5   tasks are "directed to the case as a whole."  Id.  For these reasons, Telegram argues, meaningful

6   apportionment between the original claims and the counterclaims is impossible.  Id.

7         Lantah argues that the initial case management statement only briefly mentioned the

8   counterclaims and that subsequent case management statements did not vary with respect to the

9   counterclaims.  Lantah's Opp'n to Fee Mot. at 7.  Lantah also argues that the parties would have

10   been obliged to perform case management tasks even if Lantah had never filed counterclaims.  Id.

11   at 8.  Lantah allows that $3,735 in fees can be attributed to the counterclaims.  Id. at 7.

12         The vast majority of the fees incurred by Telegram in this billing category were not

13   incurred as a consequence of the counterclaims.  Lantah is correct that all parties would have been

14   obliged to perform case management tasks even if Lantah had never filed counterclaims.  See

15   Civil Local Rule 16-2.  Telegram does not dispute that the only case management task performed

16   as a consequence of the counterclaims was the preparation of a brief section of the original case

17   management statement.  See Telegram's Reply re Fee Mot. at 5.

18         The Court will award fees in the amount proposed by Lantah of $3,735 for time spent on

19   case management tasks.

20               **5.     Time Spent on Telegram's Summary Judgment Motion**

21         Telegram requests fees for 109.88 hours spent in connection with its motion for summary

22   judgment.  Telegram's Fee Mot. at 5.  Under the accepted hourly rates, this comes to $53,498 in

23   fees.  Neukom Decl. Ex. 1 at 19.  Of this total, $35,120 relates to the original motion and $18,378

24   relates to the reply brief.  See id. at 16–19.  Telegram argues that the issues addressed by the

25   motion for summary judgment are dispositive of both the claims and the counterclaims.

26   Telegram's Fee Mot. at 5.  Therefore, Telegram argues, meaningful apportionment between the

27   original claims and the counterclaims is impossible.  Id. at 6.  Telegram also argues that Lantah's

28   opposition to the motion for summary judgment raised new arguments especially related to the

United States District Court
Northern District of California

1    counterclaims.  Id.

2        Lantah argues that the motion for summary judgment only had two short paragraphs about

3    the counterclaims and contained no analysis unique to those claims.  Lantah's Opp'n to Fee Mot.

4    at 5.  Lantah allows that 2% of the time spent on the motion for summary judgment can be

5    attributed to the counterclaims.  Id.  Lantah also argues that, while the new argument raised in the

6    opposition did relate to the counterclaims, it only accounted for one of the three arguments raised

7    in the opposition.  Id.  Lantah allows that 33% of the time spent on the reply brief can be attributed

8    to the counterclaims.  Lastly, Lantah argues that all of this work was performed during a stay and

9    so should be discounted a further 90%.  Id. at 6.

10       A vast majority of the fees incurrent by Telegram in preparing the motion for summary

11   judgment were not incurred as a consequence of the counterclaims.  The motion for summary

12   judgment only briefly mentions the counterclaims and contains no analysis unique to the

13   counterclaims.  See generally Summary Judgment Mot. (dkt. 43).  The Court will apply the 98%

14   reduction requested by Lantah to fees incurred in connection with the motion for summary

15   judgment.

16       Most of the fees incurred by Telegram in preparing the reply brief were incurred as a

17   consequence of the counterclaims.  The opposition brief contained three arguments, only one of

18   which relates to the counterclaims.  See generally Opp'n to Summary Judgment (dkt. 47).

19   However, this one argument raised new issues and presented new arguments.  Telegram's Fee

20   Mot. at 6.  It most likely required considerably more time to respond to this argument than to

21   respond to Lantah's more predictable arguments concerning Rule 56(d) and a stay pending appeal.

22   Accordingly, the Court concludes that most, but not all, of the fees incurred by Telegram in

23   preparing the reply brief were incurred as a consequence of the counterclaims.  The Court will

24   apply a 30% reduction to fees incurred in connection with the reply brief.

25       Also, Lantah's argument that the motion and reply were filed during a stay is incorrect.

26   There was no stay in place when Telegram performed these tasks.  Lantah claims that this Court

27   stayed the case during the preliminary injunction hearing on August 3, 2018.  Lantah's Opp'n to

28   Fee Mot. at 3.  However, the transcript of this proceeding does not show any stay order.  See

United States District Court
Northern District of California

1   generally Preliminary Injunction Hearing Transcript (dkt. 38).  While this Court later stayed the

2   motion for summary judgement pending appeal, this did not occur until September 26, 2018.

3   Order Staying MSJ.  Telegram does not bill any hours on the reply brief after this date.  Neukom

4   Decl Ex. 1 at 19.  This Court also ordered a stay on November 15, 2019, but this is more than a

5   year after Telegram billed its last hour on the summary judgement motion.  Minute Entry

6   11/1/5/2019 (dkt. 58).

7        The Court will award fees in the amount of $702.40 for time spent on the motion for

8   summary judgment.  The Court will award fees in the amount of $12,864.60 for time spent on the

9   reply brief.

10        **6.     Time Spent on Lantah's Discovery Requests**

11        Telegram requests fees for 76.27 hours in connection with Lantah's discovery requests.

12   Telegram's Fee Mot. at 7.  Under the accepted hourly rates, this comes to $34,070 in fees.

13   Neukom Decl. Ex. 1 at 23.  Telegram argues that Lantah's discovery requests were related to

14   issues important to both the affirmative claims and the counterclaims.  Telegram's Fee Mot at 7.

15   Therefore, Telegram argues, meaningful apportionment between the original claims and the

16   counterclaims is impossible.  Id.

17        Lantah responds that none of the discovery requests relate to the counterclaims.  Lantah's

18   Opp'n to Fee Mot. at 6.  Lantah maintains that a portion of the hours billed related to preserving

19   evidence that Telegram had a preexisting duty to preserve.  Id.  Lantah further argues that much of

20   the discovery requests it served were related to its unclean hands and unlawful use defenses, and

21   therefore were entirely unrelated to the counterclaims.  Id. at 7.  Lastly, Lantah asserts that the

22   number of hours Telegram billed in this category is excessive because Telegram objected to all of

23   the discovery requests and provided no substantive responses.  Id. at 3.  Lantah contends that

24   merely raising objections should have taken far fewer hours.  Id. at 7.

25        Telegram has not shown that any of the fees incurred in connection with Lantah's

26   discovery requests were incurred as a consequence of the counterclaims.  Telegram argues only

27   that the discovery requests were related to issues important to both the affirmative claims and the

28   counterclaims.  Telegram's Fee Mot at 7.  Even this argument does not hold up to scrutiny.

United States District Court
Northern District of California

United States District Court
Northern District of California

Discovery relating to Lantah's affirmative defenses is not related to the counterclaims.  See Lantah's Opp'n to Fee Mot. at 7.  As for the other discovery requests, Telegram acknowledges that all of these requests relate to issues of importance to the original claims.  Telegram's Fee Mot at 7.  Because these requests were so related, they are not a consequence of the counterclaims.

The Court will not award fees for time spent on Lantah's discovery requests.

### 7.     Time Spent Responding to Lantah's Motion to Voluntarily Dismiss

Telegram requests fees for 6.08 hours spent in connection with Lantah's motion to voluntarily dismiss its counterclaims.  Telegram's Fee Mot. at 7.  Under the accepted hourly rates, this comes to $2,432 in fees.  Neukom Decl. Exhibit 1 at 24.  Lantah does not oppose this fee award.  Lantah's Opp'n to Fee Mot. at 13.

The Court will award fees in the amount requested by Telegram of $2,432 for time spent responding to Lantah's motion to voluntarily dismiss.

### 8.     Time Spent Responding to Lantah's Breach of Confidentiality Allegations

Telegram requests fees for 15.5 hours spent in connection with Lantah's allegation that Telegram disclosed certain facts in violation of Local Rule 7-4.  Telegram's Reply re Fee Mot. at 2 n.4; Neukom Reply Decl. (dkt. 95-1) at 5.  Under the accepted hourly rates, this comes to $6,200.  Neukom Reply Decl. at 5.  Telegram argues that it should be able to recover these fees because Lantah argued these breach of confidentiality allegations in its opposition to Telegram's fee application.  Telegram's Reply re Fee Mot. at 2 n.4.  Telegram further argues that an email from Lantah's lawyer demonstrates that this breach of confidentiality allegation was part of a strategy to coerce a settlement on the fee application.  Id. at 2.

Lantah, for its part, objects to the admissibility of the email under Federal Rules of Evidence Rules 402 and 408.  Lanta Response re Administrative Motion (dkt. 97) at 2.

Regardless of the admissibility of the email, this breach of confidentiality allegation is not sufficiently related to the fee application to justify an award of fees.  Importantly, the work related to Lantah's breach of confidentiality allegation all occurred before Lantah filed its opposition on December 16, 2020.  See Neukom Reply Decl. at 4–5.

1    The Court will not award fees for time spent responding to Lantah's breach of

2    confidentiality allegations.

3    **9.    Time Spent Preparing the Motion for Attorneys' Fees**

4    Telegram requests fees for 60.5 hours spent in connection with the motion for attorneys'

5    fees and the reply.  See Telegram's Fee Mot. at 8 (requesting 38.9 hours for the initial motion);

6    Telegram's Reply re Fee Mot. at 1 n.1 (requesting fees incurred preparing the reply); Neukom

7    Reply Decl. at 4 (listing the fees incurred preparing the reply at 21.6 hours).  Under the accepted

8    hourly rates, this comes to $24,200 in fees.  Neukom Decl. Exhibit 1 at 24 (listing the fees claimed

9    preparing the initial motion at $15,560; Neukom Reply Decl. at 4 (listing the fees claimed

10   preparing the reply at $8,640).

11   Lantah does not contest the loadstar calculation.  However, Lantah argues that these fees

12   should be adjusted downward in proportion to Telegram's success on the fee application.

13   Lantah's Opp'n to Fee Mot. at 10.

14   The degree of success obtained is a "critical factor" in making post-calculation adjustments

15   to the fee award.  Hensley, 461 U.S. at 436.  This principle applies with equal force to awards of

16   "fees-on-fees."  Thompson v. Gomez, 45 F.3d 1365, 1367 (9th Cir. 1995).

17   Telegram's requested fees-on-fees award is not reasonable in light of the limited success of

18   the fee application.  The Court has awarded only $34,089.80 in fees under other billing categories.

19   Infra p. 17.  If this Court were to award the full amount of fees that Telegram requests in

20   connection with the fee application, then over 41.5% of Telegram's total award would come from

21   the fee application.  By comparison, only approximately 6% of Lantah's fee award came in

22   connection with the fee application.  See Order Granting Motion to Dismiss Counterclaims & for

23   Attorneys' Fees at 18 (listing the hours awarded on the fee motion as 65 and the total hours as

24   1030.4).  However, the Court is aware that it did not apply a reduction to Lantah's fees-on-fees

25   award as a result of the limited success of that motion.  See id. at 13–14.  For this reason, instead

26   of applying a reduction in proportion to the success of the fee application, the Court will apply a

27   flat 50% reduction to reduce the disparity between the fees-on-fees award and the fee awards from

28   other billing categories.  See Schwarz v. Secretary of Health & Human Services, 73 F.3d 895 (9th

United States District Court
Northern District of California

1    Cir. 1995) (holding that a district court is well within its discretion to award 50% of the fees-on-

2    fees requested when this ratio actually exceeds the percentage by which the requesting party

3    prevailed on its fee application).

4         The Court will award fees in the amount of $12,100 for time spent preparing the motion

5    for attorneys' fees and the reply.

6         **C.    Other Adjustments to the Loadstar Calculations**

7         Lantah makes two further arguments for why the Court should adjust the loadstar amounts

8    downwards.  Neither is convincing.

9              **1.    Alleged Violation of Local Rules**

10        Lantah argues that the Court should bar all recovery by Telegram because of its alleged

11   violation of ADR Local Rule 7-4.  Lantah's Opp'n to Fee Mot. at 9.  Specifically, Lantah argues

12   that a declaration that Telegram filed alongside its fee motion disclosed confidential settlement

13   conference information in violation of ADR Local Rule 7-4.  Id.

14        Telegram argues that, while it does not concede that the disclosure violated local rules, it

15   nonetheless moved rapidly to lock the declaration and remove it from the docket when it learned

16   about Lantah's concerns.  Telegram's Reply re Fee Mot. at 2.  Telegram also argues that Lantah

17   has not explained how it was harmed by the alleged breach of confidentiality.  Id.

18        Telegram's alleged breach of confidentiality does not necessitate a reduction of the fee

19   award.  Lantah has not cited any authority explaining how this alleged breach of confidentiality

20   should factor into a fee award.  See Lantah's Opp'n to Fee Mot. at 9.  Lantah does not even argue

21   that Telegram's alleged breach of confidentiality caused it harm.  In any case, a fee motion is not

22   the correct place to litigate these disputes.

23        The Court declines to reduce the fee award on these grounds.

24              **2.    Excessive Fee Request**

25        Second, Lantah argues that the Court should bar all recovery by Telegram because its

26   requested fee award is grossly excessive.  Lantah's Opp'n to Fee Mot. at 10.

27        Telegram responds that it has asked for only a small portion of the total amount of time

28   spent by its attorneys, that Telegram proactively apportioned its own time downward, and that

United States District Court
Northern District of California

15

United States District Court
Northern District of California

1    Telegram asked for a smaller award than Lantah received in many of the same billing categories.

2    Telegram's Reply re Fee Mot. at 3.  Telegram further argues that its entire request is much less

3    than what Lantah sought and received.  Id.

4         Courts have discretion to deny a fee motion in its entirety where the request is "so

5    outrageously excessive it shocks the conscience of the court."  Milton H. Greene Archives, Inc. v.

6    CMG Worldwide, Inc., No. CV 05-02200 MMM (MCx), 2009 WL 10669361, at 21.  A fee

7    request may shock the conscience if it fails to "make a good faith effort to exclude fees" that are

8    not recoverable.  See id. (quoting Fair Housing Council v. Landow, 999 F.2d 92, 97 (4th Cir.

9    1993)).

10        While Telegram's fee motion took an aggressive position regarding the apportionment of

11   fees between the original claims and the counterclaims, Telegram nevertheless made a good faith

12   effort to exclude unrecoverable fees.  Telegram's table of billing entries reflects a good faith effort

13   to identify and subtract hours which could not possibly relate to the counterclaims.  For example,

14   Telegram proactively subtracted time spent working on the motion for preliminary injunction.  See

15   Neukom Decl. Ex. 1 at 3–4.  However, Telegram's fee motion also included a number of less

16   defensible requests.  Telegram's fee motion requested fees for a host of work related to issues

17   common to both the claims and the counterclaims.  See Telegram's Fee Mot. at 2. These requests

18   appear to be at odds with both this Court's earlier order and the position Telegram took regarding

19   the scope of recoverable fees in earlier briefing.  See Order Granting Motion to Dismiss

20   Counterclaims & for Attorneys' Fees at 7; Telegram's Opp'n to Voluntary Dismissal at 2.  For

21   example, Telegram had conceded that "no discovery" took place in connection with the

22   counterclaims.  Telegram's Opp'n to Voluntary Dismissal at 2.  However, Telegram's motion for

23   fees seeks to recover $34,070 for discovery based on the theory that this discovery related to

24   issues common to both the claims and the counterclaims.  Telegram's Fee Mot. at 7; Neukom

25   Decl. Ex. 1 at 23.  The parties should keep in mind that fee requests must comply with judicial

26   pronouncements.  See Lewis v. Kendrick, 944 F.2d 949, 958 (4th Cir. 1991) ("A request for

27   attorney's fees is required to be in good faith and in reasonable compliance with judicial

28   pronouncements, and not an opening gambit in negotiations to reach an ultimate result").

United States District Court
Northern District of California

However, the issue of apportionment in this case involved a complex interaction between the normal apportionment standard and the special standard for awarding fees following a voluntary dismissal without prejudice.  See supra pp. 5–7.  Given this uncertain legal footing, the Court does not conclude that Telegram's fee request shocks the conscience or was made in bad faith.

The Court will not reduce the fee award on these grounds.

**D.     Summary of Modifications**

In sum, the Court modifies Telegram's fee request as follows:

| Time Category | Requested Award | Reduction | Final Award |
|---|---|---|---|
| Responding to Counterclaims | $10,835 | 0% | $10,835 |
| Settlement and Mediation | $27,988 | 90% | $2,798.80 |
| Offensive Discovery | $722 | 0% | $722 |
| Case Management Tasks | $22,303 | ~83.25% | $3,735 |
| Summary Judgement Motion | $35,120 | 98% | $702.40 |
| Reply re Summary Judgement Motion | $18,378 | 30% | $12,864.60 |
| Lantah's Discovery Requests | $34,070 | 100% | $0 |
| Lantah's Motion to Voluntarily Dismiss | $2,432 | 0% | $2,432 |
| Breach of Confidentiality Allegations | $6,200 | 100% | $0 |
| Telegram's Motion for Fees | $24,200 | 50% | $12,100 |
| **Total** | | | $46,189.80 |

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS in part Telegram's Motion for Attorneys' Fees and awards Telegram $46,189.80 in fees.

**IT IS SO ORDERED.**

Dated: January 19, 2021

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California